UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO:

PAVEL BOGDAN,

                Plaintiff,

vs.

VITRAN EXPRESS, INC. and ANTHONY MITCHELL,

                Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff PAVEL BOGDAN, by and through his undersigned counsel, and files this Complaint against Defendants ANTHONY MITCHELL and VITRAN EXPRESS, INC., and alleges as follows:

1. This is a diversity action for damages under 28 U.S.C. § 1332, with damages in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interests and costs.

2. At all material times, Plaintiff PAVEL BOGDAN was and is a resident of Ocala, Florida.

3. At all material times, Defendant ANTHONY MITCHELL was and is a resident of Austin, Texas.

4. At all material times, Defendant VITRAN EXPRESS, INC. was and is a Pennsylvania corporation, headquartered in Michigan, engaged in the business of interstate commerce as a shipping and transportation company. Additionally, it operated and/or maintained a service center located at 1901 Blount Road, Pompano Beach, Broward County, Florida.

5. On or about April 12, 2014, Defendant VITRAN EXPRESS, INC. owned a 2012 International (VIN # 1HSHXSJR5CJ593402) tractor ("subject vehicle").

6. At all material times, Defendant ANTHONY MITCHELL was an employee of Defendant VITRAN EXPRESS, INC. and/or was under the control of Defendant VITRAN EXPRESS, INC. as to the time, method, and manner of performing his job as a truck driver/delivery driver.

7. On or about April 12, 2014, while pulling a trailer of goods and in the course and scope of employment, Defendant ANTHONY MITCHELL operated the subject vehicle with the express and/or implied consent of Defendant VITRAN EXPRESS, INC. on SR 401/I-75 just south of High Falls Road, Monroe County, Georgia.

8. Defendants VITRAN EXPRESS, INC. and ANTHONY MITCHELL are subject to personal jurisdiction of this Court as follows:

   a. Defendant VITRAN EXPRESS, INC. maintains agents and/or representatives, and service centers throughout South Florida, including Miami and Fort Lauderdale. Defendant VITRAN EXPRESS, INC. has engaged in substantial economic activity throughout the entire state of Florida, by operating at least six service centers, including but not limited to the service center in Pompano Beach described above in Paragraph 3.

   b. Accordingly, personal jurisdiction over Defendant VITRAN EXPRESS, INC. is properly exercised pursuant to Florida Statute § 48.193(1)(a). Additionally, the aforementioned would constitute substantial and not isolated activity within the state of Florida as such personal jurisdiction is proper under Florida Statute § 48.193(2).

   c. Furthermore, on Defendant VITRAN EXPRESS, INC.'s website, Defendant has included a link of the map of the United States which entails locations of its service centers, including the multiple locations throughout Florida. Vitran Express, *U.S.*

*Coverage*, http://www.vitran.com/canadian_ltl/servicecentres/uscoverage.pdf. By clicking on the link provided at the bottom of the map, the subsequent page provides addresses and phone numbers for each location.

    d. Defendant ANTHONY MITCHELL, while working in the scope of employment for Defendant VITRAN EXPRESS, INC., was and/or is a truck driver engaged in interstate commerce. Upon information and belief, Defendant ANTHONY MITCHELL made and/or makes continued and regular transportation runs into the state of Florida, including South Florida.

9. Plaintiff PAVEL BOGDAN's treating physician is located in South Florida (Lantana), and he underwent a cervical fusion in South Florida

10. Venue is proper in the Southern District of Florida for the above stated reasons and additionally pursuant to 28 U.S.C. § 1391.

## COUNT I – PLAINTIFF PAVEL BOGDAN'S NEGLIGENCE CLAIM AGAINST DEFENDANT ANTHONY MITCHELL

11. Plaintiff PAVEL BOGDAN adopts and realleges paragraphs one (1) through ten (10) as though fully set forth herein.

12. Defendant ANTHONY MITCHELL as a driver of a motor vehicle has multiple duties which include:

    a. To exercise ordinary, reasonable, or due care in the operation of a motor vehicle;

    b. To use reasonable care to avoid crashes and injury to themselves or others; and

    c. To exercise the degree of care and caution that an ordinarily careful or reasonably cautious and prudent person would exercise under the same similar circumstances.

13. On or about April 12, 2014, while driving southbound on SR 401/I-75 just south of High Falls Road, Monroe County, Georgia, Defendant ANTHONY MITCHELL violated his duty

of care, by negligently and/or carelessly operating and/or maintaining the 2012 International, where he failed to maintain his lane, and violently and forcefully rear-ended a stationary 1999 Mercedes-Benz E320, while Plaintiff PAVEL BOGDAN was a restrained driver. Defendant ANTHONY MITCHELL's negligent acts included the following:

  a. Driving in a reckless disregard for the safety of others in violation of O.C.G.A. § 40-6-390;
  b. Failing to exercise ordinary diligence in violation of O.C.G.A. § 51-1-2-64;
  c. Failure to maintain reasonable control of vehicle;
  d. Failure to operate vehicle in a safe fashion under the circumstances then existing;
  e. Failure to take evasive or other reasonable action in order to control vehicle or maintain lane;
  f. Failure to exercise ordinary care;
  g. Failure to keep a proper lookout; and
  h. Committing other reckless and/or negligent acts and omissions, as shall be shown by the evidence and proven at trial.

14. As a direct or proximate result of the acts and/or omissions of Defendant ANTHONY MITCHELL, Plaintiff PAVEL BOGDAN suffered and suffers bodily injury (including cervical injuries) and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, inconvenience, hospitalization, medical and nursing care and treatment, and/or aggravation of previously existing condition. Plaintiff PAVEL BOGDAN has incurred medical expenses for the care and treatment of his injuries, which to date total **$161,675.99.** Plaintiff PAVEL BOGDAN continues to incur medical expenses for the care and treatment of his injuries, all of which will be itemized by an

appropriate amendment to this Complaint. These losses are either permanent and/or continuing in nature and Plaintiff PAVEL BOGDAN will suffer these losses in the future.

15. As a further direct and proximate result of the foregoing negligence of Defendant ANTHONY MITCHELL, Plaintiff PAVEL BOGDAN suffered a permanent injury within a reasonable degree of medical probability, significant scarring or disfigurement, and/or the loss of an important bodily function.

WHEREFORE, Plaintiff PAVEL BOGDAN sues Defendant ANTHONY MITCHELL and demands judgment for compensatory damages and consequential damages in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), including interest on all liquidated damages, attorneys' fees pursuant to any applicable offer of judgment statute and/or rule, taxable costs, and demands trial by jury of all issues so triable as a matter of right by jury.

## COUNT II – PLAINTIFF PAVEL BOGDAN'S CLAIM OF VICARIOUS LIABILITY AGAINST DEFENDANT VITRAN EXPRESS, INC.

16. Plaintiff PAVEL BOGDAN adopts and realleges paragraphs one (1) through ten (10) and twelve (12) through fifteen (15) as though fully set forth herein.

17. As a direct and proximate result of the acts and/or omissions of Defendant ANTHONY MITCHELL, for which Defendant VITRAN EXPRESS, INC. is vicariously liable under the Doctrine of Respondeat Superior, Plaintiff PAVEL BOGDAN suffered bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, inconvenience, hospitalization, medical and nursing care and treatment, and/or aggravation of previously existing condition. Plaintiff PAVEL BOGDAN has incurred medical expenses for the care and treatment of his injuries, which to date total **$161,675.99**. Plaintiff PAVEL BOGDAN continues to incur medical expenses for the care and treatment of his injuries, all of which will be itemized by an

appropriate amendment to this Complaint. These losses are either permanent and/or continuing in nature and Plaintiff PAVEL BOGDAN will suffer these losses in the future.

18. As a further direct and proximate result of the foregoing negligence of Defendant ANTHONY MITCHELL, for which Defendant VITRAN EXPRESS, INC. is vicariously liable under the Doctrine of Respondeat Superior, Plaintiff PAVEL BOGDAN suffered a permanent injury within a reasonable degree of medical probability, significant scarring or disfigurement, and/or the loss of an important bodily function.

WHEREFORE, Plaintiff PAVEL BOGDAN, sues Defendant VITRAN EXPRESS, INC. and demands judgment for compensatory damages and consequential damages in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), including interest on all liquidated damages, attorneys' fees pursuant to any applicable offer of judgment statute and/or rule, taxable costs, and demands trial by jury of all issues so triable as a matter of right by jury.

DATED: 10-2-15

**Respectfully submitted,**

                      MURRAY & GUARI
                      TRIAL ATTORNEYS PL
                      1525 N. Flagler Drive, Suite 100
                      West Palm Beach, FL 33401
                      E-mail: pleadings@murrayguari.com
                      Phone: 561-366-9099
                      Fax: 561-366-9098

                      By: _____
                      JASON J. GUARI, ESQ.
                      Florida Bar No.: 0076960
                      SCOTT B. PERRY, ESQ.
                      Florida Bar No.: 99092
                      Attorney for Plaintiff Pavel Bogdan